**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TUNAHAN SEYMEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01833 |
| v. | ) | |
| | ) | |
| WARDEN OF MOSHANNON VALLEY ICE PROCESSING CENTER, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. Procedural Background

Petitioner Tunahan Seymen filed a Petition for Writ of Habeas Corpus on September 16, 2026, alleging that he was detained by Immigration and Customs Enforcement ("ICE") in violation of the Immigration and Nationality Act and in violation of Petitioner's constitutional rights on September 11, 2026. (ECF No. 1). Determining that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) and was thus entitled to an individualized bond hearing before a neutral decisionmaker, on September 18, 2026, the Court ordered Respondents to show cause why Petitioner should not be released unless Petitioner was provided a constitutionally compliant bond hearing that comports with § 1226(a) and the Due Process Clause within twenty-one days of the Order. (ECF No. 2); *see also Buele Morocho v. Warden Philadelphia FDC,* 2026 WL 2546223 (3d Cir. Aug. 28, 2026).

On September 25, 2026, Respondents filed a Response to the Order to Show Cause, conceding that Petitioner is subject to discretionary detention under § 1226(a), that the Department of Homeland Security ("DHS") would provide Petitioner the requisite bond hearing before an Immigration Judge ("IJ") within twenty-one days of the Order, and that Respondents would notify

the Court of the scheduling of the bond hearing and its outcome. (ECF No. 4). On October 15, 2026, six days after the twenty-one-day deadline had passed without a filing from Respondents, the Court issued a second Order to Show Cause, which required Respondents to explain the delay in filing the aforementioned notices and to state whether Petitioner received a bond hearing and, if so, when it occurred. (ECF No. 5).

Respondents filed a Notice explaining that Petitioner's bond hearing was scheduled for October 16, 2026, and that, although it was after the deadline imposed by the Court, the scheduling of the hearing for that date was the result of an inadvertent error in providing notice to the officials in charge of Petitioner's detention, rather than intentional disregard of the Court's Order. (ECF No. 6). The Court accepts Respondents' response to the second Order to Show Cause insofar as it indicates that a good-faith effort was ultimately undertaken by Respondent's counsel to comply with the Court's order and inadvertent errors described by counsel for Respondents led to scheduling the Petitioner's bond hearing beyond the twenty-one-day deadline imposed.

Petitioner, however, filed a Reply to Respondents' Response to the second Order to Show Cause, which raised a new issue for the Court to consider. (ECF No. 7). Petitioner argued that counsel for Petitioner[1] did not receive notice of the bond hearing scheduled for October 16, 2026, when it was scheduled. *Id.* Petitioner asserted that the lack of notice of the bond hearing was a violation of Petitioner's procedural due process rights independent of the initial delay in scheduling Petitioner's bond hearing. *Id.* Accordingly, the Court ordered the parties to submit additional filings describing whether and when Petitioner and his counsel were notified of the October 16, 2026, bond hearing before an IJ, and the due process implications of how and when notice was

[1] As will be described below, Petitioner is represented by two different counsels. Unless specified, "counsel" or "habeas counsel" for Petitioner refers to counsel representing Petitioner in these habeas proceedings. "Immigration counsel" refers to counsel representing Petitioner in his immigration proceedings and before an Immigration Judge.

provided. (ECF No. 9). Both parties filed briefs, Petitioner renewed his request for immediate release, and the Court scheduled and conducted a video conference with counsel for Respondents and both Petitioner's habeas and immigration counsel to discuss whether Petitioner and his counsel received notice of the bond hearing sufficient to satisfy the requirements of due process. (ECF Nos. 10, 11, 12).

## II. Discussion

The parties agree that insufficient notice of a bond hearing raises due process issues. (*See* ECF No. 10, at 4; ECF No. 11, at 3–4). Procedural "[d]ue process requires three things. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). By statute, noncitizens have the right to be represented by counsel of their choosing in immigration proceedings, provided it is at no expense to the Government. 8 U.S.C. § 1362; *Freza v. Att'y Gen. United States*, 49 F.4th 293, 298 (3d Cir. 2022). Insufficient notice to a petitioner or petitioner's counsel of a bond hearing materially impacts counsel's ability to produce evidence on the record before the decisionmaker, make arguments on a petitioner's behalf, and for a petitioner to receive an individualized determination of his interests. The right to retained counsel is not meaningfully fulfilled when counsel, through no fault of Petitioner, lacks adequate time to prepare for the hearing. *See id.* at 301.

Petitioner contends that neither he nor either of his attorneys received notice of the October 16, 2026, bond hearing. Counsel for Petitioner states Petitioner's immigration counsel became aware of the bond hearing the night of October 13, 2026, when Petitioner contacted his immigration counsel and stated he was recently informed by DHS that he had a hearing on October

16, 2026, but was unaware of what the purpose of the hearing was. This caused immigration counsel to investigate and learn of the bond hearing scheduled for October 16. Immigration counsel attended the hearing. Immigration counsel avers that after he informed the IJ of the situation, the IJ stated the bond request would be considered withdrawn. The IJ did not continue the hearing or schedule a date for a new hearing but permitted Petitioner to refile a bond request. As of this date, a new bond hearing has not been scheduled.

Petitioner's habeas counsel provided the Court with a sworn declaration from Petitioner's immigration counsel, who attested he represented Petitioner at all relevant times, including before the scheduling of the October 16, 2026, bond hearing. At the conference before the Court, immigration counsel reaffirmed that in June of 2026 he filed the requisite form E-28 with DHS to enter an appearance for Petitioner, which should have entitled him to notice of any hearing scheduled for Petitioner, but that he did not receive such notice until the evening of October 13, 2026, when he spoke with Petitioner.

Petitioner's habeas counsel additionally argues that, had Respondents filed the requisite notice on the docket of this Court upon scheduling Petitioner's bond hearing, habeas counsel would have been able to inform Petitioner or immigration counsel of the upcoming bond hearing. Furthermore, Petitioner argues that further delay, through no fault of his own, of the bond hearing he is owed under 8 U.S.C. § 1226(a) and the Due Process Clause, compounds the due process violation, that a continuance of the bond hearing does not remedy the violation, and that the only just remedy is immediate release, citing *Buele Morocho*.

In this case and on its facts, the Court agrees with Petitioner. The Court has received uncontroverted evidence that immigration counsel for Petitioner represented Petitioner well prior to the bond hearing and had filed the requisite paperwork to confirm that in the immigration

records, and therefore he should have received notice of the hearing. Additionally, Respondents do not assert that there is any reason to believe Petitioner is a danger to the community or otherwise has a criminal history. After forty-eight days of detention without a bond hearing that is required both by statute and the Constitution, a further continuance of a bond hearing before an IJ would be insufficient to cure the violation of Petitioner's statutory and due process rights.

## III. Conclusion

The Court therefore concludes that the appropriate remedy in this matter is to direct that Respondents release Petitioner from custody on the following terms. The Court thus GRANTS the Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

AND NOW, this 2nd day of November 2026, IT IS HEREBY ORDERED:

- The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;
- Respondents shall release Petitioner from detention into this judicial district within three (3) days of the date of this Order subject to reasonable noncustodial conditions of supervision consistent with 8 U.S.C. § 1226(a);
- Respondents shall file and serve on Petitioner's counsel notice of the date, time, and location of Petitioner's release at least twenty-four (24) hours before the release is set to occur;
- Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1226(a);
- Respondents shall release Petitioner with any and all personal property, including the items he had with him at Moshannon Valley ICE Processing Center or at any other detention locations at which he was held;

- Respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 within seventy-two (72) hours of Petitioner's release, confirming the date, time, and manner of release.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2026